# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

MARQUIS C. SMITH,           )
                            )
    Plaintiff,             )
                            )
v.                          )
                            )  Case No. CV415-248
JUNE E. FOGLE, Public Defender )
and Magistrate Judge HARRIS )
ODELL JR.,                  )
                            )
    Defendants.            )

## REPORT AND RECOMMENDATION

Marquis Smith has filed a 42 U.S.C. § 1983 complaint for damages and for injunctive relief against the public defender and state recorder's court judge involved in the ongoing state criminal proceedings against him. Doc. 1; *see also* attached state court docket showing that his prosecution is still pending.[1]

Smith complains that defendant June Fogle, his public defender, waived his right to a preliminary hearing without his consent and that

---

[1] As Smith is proceeding *in forma pauperis* ("IFP"), docs. 2 & 3, his action is subject to immediate dismissal if the Court determines that it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2) (requiring the dismissal of IFP actions "any time" they raise non-cognizable claims); 28 U.S.C. § 1915A (requiring early screening of all prisoner/detainee complaints against governmental entities or officials and the dismissal of non-cognizable claims).

Judge Harris Odell abetted that unauthorized waiver by accepting it and "commiting [Smith] to detainment." Doc. 1 at 5. He seeks "cash dollars . . . in reasonable amounts for each day" of his "false[] imprisonment," and the termination of the state charges he faces. *Id.* at 6.

His case is dead on arrival. First, he may not employ § 1983 as a vehicle for seeking the dismissal of the state criminal proceedings, for "a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quotes and cites omitted); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."); *Cooks v. Sec'y, Fla. Dep't of Corr.*, 599 F. App'x 940, 941 (11th Cir. 2015) (district courts must "'ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement--either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the

State's custody.'") (quoting *Wilkinson*, 544 U.S. at 81); *Harris v. Purvis*, 2015 WL 3439857 at * 1 (S.D. Ga. May 27, 2015). Thus to the extent Smith is seeking the "termination" of the state charges, which would require his immediate release from custody, he must pursue habeas relief.[2]

Second, Smith's damages claims against the named defendants are legally unsupportable. It has long been settled that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). Defendant Fogle is not a state actor, so she cannot be sued under § 1983.

Judge Odell is immune from suit, since Smith alleges nothing beyond activities by the judge that fall within his official function. *See Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) ("Judges are entitled to absolute immunity for all actions taken in their judicial capacity. . . .")

---

[2] Before Smith can bring a federal habeas action, he must first exhaust his available state remedies through either a direct appeal or a petition for collateral relief. *Wilkinson*, 544 U.S. at 79 (federal "habeas corpus actions require a petitioner fully to exhaust state remedies, which § 1983 does not"); 28 U.S.C. § 2254(b), (c). If he wishes to proceed via habeas corpus, he must submit a separate petition in compliance with the applicable rules. Such petition, however, would be subject to immediate dismissal for lack of exhaustion of his available state remedies.

(citing *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)); *see also id.* (absolute judicial immunity "applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction") (internal quotations omitted). Nor is he otherwise entitled to injunctive relief against Judge Odell. *See* 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."); *Waterfield v. Laboda*, 518 F. App'x 668 (11th Cir. 2013).

Given the sheer frivolity of Smith's complaint, it must be **DISMISSED WITH PREJUDICE** and a re-pleading option is not warranted. *Dysart v. BankTrust*, 516 F. App'x 861, 865 (11th Cir. 2013) ("[D]istrict court did not err in denying Dysart's request to amend her complaint because an amendment would have been futile."); *Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010); *Simmons v. Edmondson*, 225 F. App'x 787, 788-89 (11th Cir. 2007) (district court did not err in dismissing complaint with prejudice without first giving plaintiff leave to amend because no amendment could have overcome the

defendants' immunity). Also because of its frivolity, this case should be recorded as a "strike" under 28 U.S.C. § 1915(g).

Meanwhile, it is time for Smith to pay his filing fee. His furnished PLRA[3] paperwork reflects $0.00 in average monthly deposits and a $0.00 average monthly balance over the six month period prior to the date of his Prison Account Statement. Doc. 4. He therefore owes no initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian shall set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this R&R to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this

---

[3] The Prison Litigation Reform Act ("PLRA") requires the incremental collection of the filing fee from detainees who are allowed to proceed IFP. 28 U.S.C. § 1915(b), (h).

Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

**SO REPORTED AND RECOMMENDED**, this 12th day of November, 2015.

/s/ M. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA